IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



JUDITH THOMAS,

    Plaintiff,

v.

SMITH, DEAN & ASSOCIATES,
INC., et al.

    Defendants.

Civil Action No. ELH-10-3441

MEMORANDUM

Judith Thomas, plaintiff, filed a complaint in this court on December 7, 2010, alleging that defendants, Smith, Dean & Associates, Inc. ("Smith, Dean") and Signature Management Solutions, LLC ("Signature"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code (2005 Repl. Vol., 2010 Supp.), § 14-201 *et seq.* of the Commercial Law Article. *See* ECF 1. Plaintiff filed an Amended Complaint on January 13, 2011.[1] Smith, Dean was served on February 24, 2011 (ECF 17), and Signature was served on February 28, 2011. ECF 21. Both defendants failed to file an answer or otherwise defend. Accordingly, plaintiff filed a "Motion for Entry Default on May 4, 2011 (ECF 25), which the Clerk entered on May 9, 2011. ECF 26. Thereafter, on May 12, 2011, plaintiff filed a Motion For Default Judgment. ECF 27.

On June 1, 2011, the matter was referred to Magistrate Judge Stephanie Gallagher for a Report and Recommendation as to the pending motion for default judgment. ECF 28. On June 7, 2011, Judge Gallagher issued an Order requesting a memorandum from plaintiff, detailing the

---

[1] The Amended Complaint added three defendants: Worldwide Asset Purchasing, LLC; Worldwide Asset Purchasing II, LLC; and Lyons Doughty & Belthius, P.C. Plaintiff voluntarily dismissed her claims as to these three defendants, with prejudice. *See* ECF 19, ECF 20.

claim for damages. *See* ECF 29. In response, on June 24, 2011, plaintiff filed a Memorandum In Support of Default Judgment Damages, along with an Affidavit of Plaintiff Judith Thomas. ECF 30.[2] On June 27, 2011, Judge Gallagher issued an Order requesting supporting documentation with respect to any claims for attorney's fees and costs. *See* ECF 31. In response, on July 5, 2011, plaintiff filed, *inter alia,* an "Amended Motion For Default Judgment," ECF 32, as well as an Affidavit of Cory Zajdel, Esquire, her attorney. *See* ECF 32-2.

Judge Gallagher issued her Report and Recommendation ("Report") on July 12, 2011. ECF 35. In the Report, Judge Gallagher made the following recommendations: that the Court grant plaintiff's motion for default judgment; that the court award plaintiff $500.00 in statutory damages and $1,500.00 in actual damages with respect to the violation of the FDCPA by Smith, Dean (i.e., a total of $2,000.00); that the court award plaintiff $150.00 in statutory damages in connection with the violation of the FDCPA by Signature; and that the court award $4,200.00 in attorneys' fees, based on an hourly rate of $210.00 for Mr. Zajdel and twenty hours of legal work, as well as $450.00 in costs.

On July 26, 2011, plaintiff filed "Plaintiff's Objections To The Report And Recommendation of Judge Stephanie A. Gallagher" ("Objections"). *See* ECF 37. In support, plaintiff appended the Declaration of Mark Wolf, Esquire. It had been submitted by Mr. Wolf in connection with a fee petition in an unrelated federal case in the District of Maryland, in which Mr. Zajdel was one of several attorneys.

Plaintiff's Objections sets forth four challenges, which can be summarized as follows:

First, plaintiff challenges Judge Gallagher's recommendation of statutory damages

---

[2] The docket inadvertently reflects that plaintiff filed a "*Motion* for Default Judgment as to Damages and Defendants . . ." (Emphasis added). *See* ECF 30.

against Smith, Dean under FDCPA, in the amount of $500.00. She asks the Court to increase the award to $1,000.00.

Second, plaintiff complains about Judge Gallagher's recommendation of an award of $150.00 in statutory damages against Signature under the FDCPA, and has asked this Court to increase the award of statutory damages to $1,000.00.

Third, plaintiff challenges the proposed award of actual damages against Smith, Dean in the amount of $1,500.00. She has asked the court to compensate plaintiff for the time period from September 21, 2011, to the present.

Fourth, as to attorney's fees, plaintiff challenges the hourly rate of $210.00 as proposed by Judge Gallagher, and asks this Court to increase the rate to $350.00 per hour. There is no challenge to Judge Gallagher's proposed award for twenty hours of work, rather than the 48.9 hours that Mr. Zajdel requested.

Under the Magistrate Judges Act, 28 U.S.C. §636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed R. Civ. P 72(b); *see also* Local Rule 301.5.b. A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980-81 (6th Cir. 1999).

A party who is aggrieved by a magistrate judge's Report and Recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed. R. Civ. P. 72(b)(2). The district judge must then "determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But, the Court "need only conduct a *de novo* review of

those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F. Supp. 153 (D. Md. 1993). As to those portions of the report for which there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).[3]

In accordance with Fed. R. Civ. P. 72(b), I have reviewed the record and made a *de novo* determination of the issues to which the Report and Recommendation relates, including the Objections lodged by plaintiff.[4] I am completely persuaded that Judge Gallagher's recommended rulings are correct and reasonable.

I shall, however, briefly address the plaintiff's challenge to the proposed hourly rate of $210.00 for Mr. Zajdel, rather than the hourly rate of $350.00 that he requested.

In my view, the analysis of Judge Gallagher in rejecting an hourly rate of $350.00 in this particular case, and selecting a rate of $210.00, is entirely sound and reasonable.

Mr. Zajdel has been an attorney since December 2004. Therefore, when suit began, he had been a practicing attorney for six years. By the time the case concluded, he had been in practice a little more than six and a half years. His requested hourly rate far exceeds the guideline rate set forth in Appendix B to this Court's Local Rules, captioned "Rules and Guidelines for Determining Attorneys' Fees in Certain Cases." The guidelines suggest an hourly

---

[3] In contrast, a non-dispositive motion referred to a magistrate judge is subject to deferential review by the district court, under a "clearly erroneous or contrary to law" standard. Fed R. Civ. P. 72(a). *See, e.g., Huggins v. Prince George's County*, ___ F. Supp. 2d ___, ___, 2010 WL 4484180, at *9 (D. Md. Nov. 9, 2010); *Int'l Ass'n of Machinists and Aerospace Workers v. Werner-Masuda*, 390 F. Supp. 2d 479, 485-86 (D. Md. 2005).

[4] The record consists solely of the papers that have been filed. No evidentiary proceedings were conducted by Judge Gallagher, nor did this Court hold a hearing. *See* Local Rule 105.6.

rate ranging between $165.00 and $250.00 for an attorney with five to eight years of experience. To be sure, these guidelines are neither binding nor definitive.

In his Objections, Mr. Zajdel notes that he has been awarded the hourly rate of $300.00 or $350.00 in three other cases.[5] Those decisions are not controlling, however. Moreover, in the one other matter litigated in the United States District Court for the District of Maryland, *Stillmock v. Weis Markets, Inc.*, 07-01342-MJG (D. Md. July 25, 2011), the case was not comparable to the one at bar. *Stillmock* was a complex, protracted class action case, involving almost four years of contested litigation.

In sum, I find that all of Judge Gallagher's proposed rulings, as reflected in her thorough and careful analysis, are correct and reasonable in every respect. Therefore, I adopt the Report and Recommendation as my own opinion. A separate Order follows.

Dated: August 10, 2011                              /s/
                                          Ellen Lipton Hollander
                                          Unites States District Judge

---

[5] One case was litigated in the United States District Court for the Eastern District of New York; one case was litigated in the Circuit Court for Anne Arundel County, Maryland; and one was litigated in the United States District Court for the District of Maryland.